IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT BLACKMON, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-25-1671 |
| INTERNATIONAL VAN LINES, INC., | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss Complaint (ECF No. 6). For the reasons that follow, the Motion will be granted as to Counts II–IV of the Complaint and denied as to Count I.

### I.   FACTUAL BACKGROUND

This case concerns allegations of malfeasance related to an interstate shipment of household goods. According to the Complaint, on April 26, 2024, Plaintiff Robert Blackmon contracted with Defendant International Van Lines, Inc. to ship his household belongings from Biloxi, Mississippi to Baltimore, Maryland. (ECF No. 1 ¶¶ 6–7.) Plaintiff paid a deposit, and his pickup date was set for June 10 or 11, 2024. (*Id.* ¶ 7.)

In the week preceding the pickup, Plaintiff communicated several times with Defendant's employee, Karen Gonzalez. (*Id.* ¶¶ 7–9.) On June 7, 2024, Plaintiff electronically signed both a bill of lading ("BOL") (ECF No. 15-1 at 8–11) and a "binding moving estimate" (ECF No. 6-3). In the BOL, Plaintiff specified that he was seeking "Full (Replacement) Value Protection" for all the articles in the shipment. (ECF No. 15-1 at 8–9.) But in the binding moving estimate, he

indicated that he was seeking only "Basic Value Protection" for his goods. (ECF No. 6-3 at 1.) In addition, each document contained a forum selection clause which stated that litigation relating to "any dispute" between the parties "shall and must only be brought" in Florida state court. (*Id.* at 5; ECF No. 15-1 at 11.)

On June 11, 2024, Defendant's moving truck driver arrived to pick up Plaintiff's goods. (ECF No. 1 ¶ 10.) Although Plaintiff had already signed a BOL and moving estimate, Plaintiff alleges that the moving truck driver instructed Plaintiff to complete and sign each of these documents again. (*Id.*) These documents contained forum selection clauses that were identical to those contained in the June 7 moving estimate and BOL. (ECF Nos. 6-2 at 2; 6-4 at 2.) Additionally, this time, Plaintiff indicated on the BOL that he was waiving full value protection for his goods. (ECF No. 6-2 at 1.) But Plaintiff alleges that this was unintentional. (ECF No. 1 ¶ 10.) Rather, he states that it was "oppressively hot" outside and he was pressured to sign the documents quickly. (*Id.*) Thus, he did not realize that he was signing a new BOL or that he was waiving full value protection. (*Id.*) Plaintiff also explains that he explicitly told the driver that he did not want to waive full value protection. (*Id.* ¶ 12.) Thus, following the driver's instructions, Plaintiff signed an additional document, entitled "General Agreement," and wrote that he was "waiting on Karen from IVL for FULL VALUE INSURANCE." (*Id.*; ECF No. 15-1 at 13.) The driver then left with Plaintiff's goods.

On July 2, 2024, Plaintiff explains that he sought to schedule delivery of his goods in Baltimore, but Defendant did not respond. (ECF No. 1 ¶ 13.) Defendant finally responded in early August 2024 but continued to delay delivery. (*Id.* ¶ 14.) Defendant then began imposing storage fees on Plaintiff, even though Plaintiff had requested delivery within the agreed upon delivery window. (*Id.* ¶ 15.) On December 27, 2024, Defendant informed Plaintiff that his goods were

2

housed at a storage facility in Virginia. (*Id.* ¶ 17.) Defendant demanded additional storage fees, which Plaintiff refused to pay. (*Id.*)

On May 23, 2025, Plaintiff filed his Complaint in the instant matter. He alleges that Defendant has violated the Carmack Amendment, 49 U.S.C. § 14706, and Florida trade practices law, and he asserts that Defendant has committed common law fraud. Plaintiff seeks damages and injunctive relief, because, at least as of the date of the Complaint, he has still not received his goods. Defendant responds that this Court must dismiss the claims because the forum selection clauses require that they be brought in Florida. In the alternative, Defendant argues that while the Carmack Amendment claim may proceed, federal law preempts the state law claims.

## II. STANDARD OF REVIEW

### A. Forum Non Conveniens

Defendant styles its motion to dismiss as one based on Rule 12(b) of the Federal Rules of Civil Procedure. (ECF No. 6 at 1.) However, the Supreme Court has explained that when a defendant seeks to dismiss a case based on a forum selection clause, the dismissal is not pursuant to any provision of Rule 12(b). *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60–61 (2013). Rather, it is judged according to the doctrine of forum non conveniens. *Id.* Although Defendant does not invoke forum non conveniens, its "dismissal motion plainly invoke[s] the forum selection clause and ask[s] the [C]ourt to enforce it" so the Court is "well within [its] discretion to treat the motion as, in substance, a forum non conveniens motion." *Ripley v. Long Distance Relocation Servs., LLC*, No. CV CCB-19-0373, 2019 WL 5538343, at *2 n.3 (D. Md. Oct. 25, 2019) (quoting *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018)). Thus, the Court will evaluate the Motion pursuant to the doctrine of forum non conveniens. When deciding a motion to dismiss based on forum non conveniens, "[t]he Court will consider evidence

outside the pleadings . . ., and view the facts in the light most favorable to the plaintiff." *Shaomin Sui v. FedEx Ground Package Sys., Inc.*, No. CV 19-3318, 2020 WL 3639984, at *2 (D. Md. July 6, 2020).

### B. Failure to State a Claim

Alternatively, Defendant asserts that Plaintiff's state law claims are preempted by federal law, so it moves to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 446 U.S. at 662. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

### III. DISCUSSION

#### A. Forum Non Conveniens

When a party moves to transfer or dismiss a case based on the existence of a forum selection clause, courts follow a three-step process to determine if the clause should be enforced. First, the Court must ask if the clause is contractually valid. *Atl. Marine*, 571 U.S. at 62 n.5. If it is, then the Court determines if the clause is mandatory or permissive. *BAE Sys. Tech. Sol. &*

4

*Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018). If the clause is both valid and mandatory, then the Court considers if certain public interest factors nevertheless weigh against enforcing the clause. *Atl. Marine*, 571 U.S. at 64. But at this third step, there is a strong presumption of enforceability. *Id.* In this case, however, the Court's analysis ends at the first step because the forum selection clause is contractually invalid.

Federal courts determine the validity of forum selection clauses according to federal law. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010). And under federal law, the validity of a forum selection clause is governed by the *Bremen* factors. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). These four factors are whether: (1) agreement to the clause was induced by fraud; (2) the selected venue is so inconvenient that it will deprive the plaintiff of their day in court; (3) the chosen law is so unfair as to deprive the plaintiff of a remedy; or (4) enforcement of the clause would violate public policy. *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (citing *The Bremen*, 407 U.S. at 12–13, 15, 18).

Here, Plaintiff alleges the first and fourth factors: that he was fraudulently induced to agree to the forum selection clause and that the clause violates public policy under the Carmack Amendment. The Court need not address the fraudulent inducement argument because it agrees with Plaintiff that the forum selection clause violates public policy under the Carmack Amendment.

"The Carmack Amendment was enacted in 1906 as an amendment to the Interstate Commerce Act of 1887." *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 704 (4th Cir. 1993). In relevant part, the Amendment requires "that a carrier transporting property issue a bill of lading or a receipt to the shipper." *Id.* The Amendment then "makes the carrier liable to the one entitled to recover under the bill of lading or the receipt for loss of or injury to the property." *Id.* Thus,

the Amendment "creates a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of lading. It is a comprehensive exercise of Congress's power to regulate interstate commerce." *5K Logistics, Inc. v. Daily Exp., Inc.*, 659 F.3d 331, 335 (4th Cir. 2011) (internal quotations and citation omitted).

Although the Fourth Circuit has not addressed the issue, many courts around the country have found that the Carmack Amendment renders forum selection clauses invalid in contracts for the interstate shipment of goods. *See, e.g.*, *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1121–23 (9th Cir. 2011); *Castiglia v. Arrow Express Packing & Shipping, LLC*, No. 5:25-CV-1406, 2025 WL 3062653, at *4–5 (N.D. Ohio Nov. 3, 2025); *Dabecca Nat. Foods, Inc. v. RD Trucking, LLC*, No. 14 C 6100, 2015 WL 2444505, at *5–6 (N.D. Ill. May 20, 2015). That is because, as part of its "national scheme of carrier liability," the Carmack Amendment contains a special venue provision which states that shippers of goods can sue carriers in any judicial district "through which the defendant carrier operates" and "in the judicial district in which [the] loss or damage is alleged to have occurred." 49 U.S.C. § 14706(d)(1)–(2). As the Ninth Circuit has explained, "[t]hese provisions assure the shipper a choice of forums as plaintiff." *Smallwood*, 660 F.3d at 1122. Thus, "[a]t the time of contracting, . . . a carrier of household goods may not force the shipper to relinquish his right to sue in one of those venues." *Id.*; *see also Martinez v. Bloomberg LP*, 740 F.3d 211, 229 (2d Cir. 2014) ("[T]he inclusion of a special venue provision in an act of Congress may express a broader federal policy of ensuring access to a federal forum to enforce certain statutory claims.").

The Court's conclusion is further buttressed by the fact that the shipment at issue was for household goods, rather than commercial goods. That is because the Carmack Amendment also contains a waiver provision that allows shippers and carriers of *commercial* goods to contractually

6

waive the protections of the Amendment. 49 U.S.C. § 14101(b)(1). But this provision expressly states that it does not apply to contracts "for the movement of household goods." *Id.* This exclusion exists because, unlike more sophisticated shippers of commercial goods, those shipping household goods would be "for all practical purposes . . . at the mercy of the carrier" if forum selection clauses were permissible. *Stewart v. Am. Van Lines*, No. 4:12CV394, 2014 WL 243509, at *4 (E.D. Tex. Jan. 21, 2014), *report and recommendation adopted sub nom. Stewart v. Lines*, No. 4:12CV394, 2014 WL 12573370 (E.D. Tex. Feb. 14, 2014). And this would violate "the right of the shipper to sue the carrier in a convenient forum of the shipper's choice" which is "a right that Congress intended to codify." *Aaacon Auto Transp., Inc. v. State Farm Mut. Auto. Ins. Co.*, 537 F.2d 648, 654 (2d Cir. 1976). Thus, "in the context of household goods . . . [,] the Carmack Amendment essentially prohibits enforcement of forum-selection clauses." *Scotlynn USA Div., Inc. v. Singh*, No. 215CV381FTM29MRM, 2016 WL 8679295, at *2 (M.D. Fla. Sept. 9, 2016). Accordingly, the forum selection clause in this case violates public policy under the Carmack Amendment, so it is contractually invalid. Therefore, the Court will deny Defendant's motion to dismiss Plaintiff's Carmack Amendment claim under the doctrine of forum non conveniens.[1]

### B. Failure to State a Claim

The Court next addresses whether Plaintiff has plausibly alleged Counts II through IV. The Court begins with Count IV, which is a freestanding claim for injunctive relief. (ECF No. 1 ¶¶ 38–43.) Because an injunction is a "form[] of relief, not [a] freestanding cause[] of action,"

---

[1] The parties do not address whether the forum selection clause should be rendered invalid only as to the Carmack Amendment claim or as to the state law claims as well. Regardless, because the Court will dismiss the state law claims on the merits, it need not decide this question. *See Conflict Kinetics, Inc. v. Bagira Sys., Ltd.*, No. 22-2000, 2024 WL 339347, at *4 (4th Cir. Jan. 30, 2024) (unpublished) ("A district court may dismiss part of a lawsuit for forum non conveniens while deciding the merits of other issues." (internal citation and quotations omitted)).

*Birara v. Kelel*, No. CV TDC-17-3241, 2019 WL 3208685, at *7 (D. Md. July 16, 2019), the Court will grant the motion to dismiss this count for failure to state a claim.

Moving on to Counts II and III, Plaintiff alleges that Defendant has violated Florida's Deceptive and Unfair Trade Practices Act and that it has committed common law fraud. Although Plaintiff only brings one count each to allege these two causes of action, he asserts four different theories of how the statute and the common law were violated as to each. Specifically, Plaintiff contends that Defendant (1) misrepresented the process for obtaining full value insurance; (2) fraudulently induced him into signing the second bill of lading under duress; (3) falsely denied receipt of his July 2, 2024, request for delivery so that it could impose storage fees; and (4) has continued to unlawfully retain his goods to extort additional fees. (ECF No. 1 ¶¶ 28, 35.) The Court pauses to note that this form of pleading is unclear. Each of these alleged violations of law should be brought in its own count. That is, because Plaintiff contends that there are four discrete violations of the Florida statute, there should be four different counts alleging that the statute was violated. If these allegations were viable, this form of pleading could pose an issue for Plaintiff moving forward. But ultimately, the issue is moot because all of Plaintiff's allegations are preempted by federal law.

There are two federal statutes that have preemptive effect in this area: the Carmack Amendment and the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 14501(c)(1). The Court begins with Carmack preemption. Because the Carmack Amendment "is a comprehensive exercise of Congress' power to regulate interstate commerce," *5K Logistics*, 659 F.3d at 335, it preempts "all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipments," *Brentzel v. Fairfax Transfer & Storage, Inc.*, No. 21-1025, 2021 WL 6138286, at *5 (4th Cir. Dec. 29, 2021) (unpublished). In particular, "state law

8

conversion claims are preempted." *Id.* But as Judge Grimm has noted, "there is considerable disagreement and even confusion regarding whether the Carmack Amendment's preclusive effect extends beyond claims related to the loss, damage, or delayed delivery of household goods." *Monga v. A.B.S. Moving & Storage, Inc.*, No. PWG-16-2000, 2017 WL 3228139, at *3 (D. Md. July 31, 2017).

Likely recognizing this disagreement, Plaintiff creatively styles his state law allegations as "intentional misconduct inducing the contract," rather than as allegations directly related to loss or damage. (ECF No. 11 at 12.) But this description only applies to the first two state law theories described above. While these two allegations may fall outside of Carmack's ambit, the other two—imposing storage fees and retaining Plaintiff's goods—assuredly do not. These two allegations are merely that Defendant has unlawfully exerted dominion over Plaintiff's goods. But that is the definition of conversion, *Hobbs v. St. Martin*, 198 F. Supp. 3d 530, 537 (D. Md. 2016), which Plaintiff admits in the Complaint (ECF No. 1 ¶¶ 17, 22). Thus, these two theories as to how the Florida statute and the common law were violated are preempted by the Carmack Amendment. *Brentzel*, 2021 WL 6138286, at *5.

Plaintiff's remaining two state law allegations—relating to misrepresentation and fraudulent inducement in the making of the contract—may also be preempted by Carmack. *See, e.g., Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir. 1997) ("Although we consider it a close call, we conclude that claims relating to the making of the contract for carriage are so closely related to the performance of the contract, and the measure of damages for such claims so likely to be the loss or damage to the goods, that they are also preempted by the Carmack Amendment."). But even if they are not, they are preempted by the ICCTA. Unlike Carmack's implied preemptive scheme, the ICCTA expressly preempts all state laws "related to a price, route,

or service of any motor carrier." 49 U.S.C. § 14501(c)(1). And numerous courts have found that state law claims relating to misrepresentation, false advertising, and bait and switch pricing fall within this preemptive scheme. *Swenson v. All. Moving & Storage LLC*, No. 21-CV-01968-CMA-STV, 2022 WL 1508506, at *10 (D. Colo. Apr. 26, 2022), *report and recommendation adopted*, No. 21-CV-01968-CMA-STV, 2022 WL 1500778 (D. Colo. May 12, 2022) (collecting cases). Indeed, many courts have specifically found that claims brought under state deceptive trade practices statutes (as Plaintiff brings here) are preempted. *Id.* Thus, even if Plaintiff's fraudulent inducement and misrepresentation allegations are not preempted by Carmack, they are preempted by the ICCTA. Accordingly, the motion to dismiss Plaintiff's state law claims will be granted in its entirety.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Complaint (ECF No. 6) will be granted as to Counts II–IV of the Complaint and denied as to Count I. A separate Order follows.

DATED this __18__ day of February, 2026.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge